THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ATLANTIC, RELATOR, v. NEWTON A. K. BUGBEE, STATE COMPTROLLER OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued November 8, 1922—Decided February 20, 1923.

1. Chapter 217 of the laws of 1912 (*Pamph. L., p. 340*) entitled "An act concerning tuberculosis" was not repealed by implication by chapter 147 of the laws of 1918 (*Pamph. L., p. 343*) entitled "An act concerning the charitable, correctional, reformatory and penal institutions, boards and commissions located and conducted in this state which are supported in whole or in part from county, municipal or state funds."

2. Payments for indigent tubercular patients in county hospitals for the care and treatment of persons suffering from tuberculosis are governed by chapter 217 of the laws of 1912.

3. To establish a repeal by implication it must be shown that the later act either covers the same subject-matter or its provisions are so repugnant to the earlier statute as to make the statutes irreconcilable.

On rule to show cause why a writ of peremptory *mandamus* or alternative writ of *mandamus* should not issue.

Before Justices KALISCH, BLACK and KATZENBACH.

For the relator, *F. A. Higbee.*

For the respondent, *Thomas F. McCran,* attorney-general, and *John Solan.*

The opinion of the court was delivered by

KATZENBACH, J. This case is before us on a rule to show cause why a writ of peremptory *mandamus* or alternative writ of *mandamus* should not issue from this court, directed to the state comptroller, commanding him to issue a warrant to the state treasurer in favor of the board of chosen freeholders of the county of Atlantic, in payment of bills rendered

for the care and maintenance of certain indigent tubercular patients in the Atlantic county hospital for the period from July 1st, 1921, to March 31st, 1922. Under the act approved March 28th, 1912 (*Pamph. L., p.* 340), Atlantic county maintains a county hospital for the care and treatment of persons suffering from tuberculosis. The thirteenth section of this act provides that each year the state treasurer shall pay to the counties maintaining such hospitals $3 per week for each person in said institution during the time of such confinement, except those paying full maintenance.

By chapter 214 of the laws of 1916 (*Pamph. L., p.* 434), this provision for payment was extended to indigent tubercular patients maintained either in the county hospitals, or in the hospital of a municipality or an incorporated society, under contract for their care between such county and such municipality or incorporated society. The amount of payment per week was not altered by this amendment.

In 1918 the legislature passed the act entitled "An act concerning charitable, correctional, reformatory and penal institutions, boards and commissioners, located and conducted in this state, which are supported in whole or in part from county, municipal or state funds," which was approved February 28th, 1918. *Pamph. L., p.* 343. Section 501 of this act provides that the price to be paid for keeping any indigent person in any charitable institution owned by the state shall be paid to such state institutions out of the state treasury, except as may otherwise be provided by law.

This section of the act authorizes the state house commission to fix the rate of per capita payment for state patients in each state institution and also to fix a rate or rates to be paid by the state to the several counties in behalf of the maintenance of indigent patients in any county institutions, which payment shall be made by the state treasurer on the warrant of the comptroller to the board of chosen freeholders upon receiving a detailed statement of the amount due. This section was amended in 1919, and in 1921, but the amendments have no bearing upon the questions involved in this proceeding. Under this section of the act the rate per patient

was fixed by the state house commission at $6 per week. This rate was paid to the board of chosen freeholders of the county of Atlantic for indigent tubercular patients until July 1st, 1921, when the comptroller refused to draw warrants for the bills presented subsequent to July 1st, 1921, because of an opinion received by him from the attorney-general to the effect that payment for tubercular patients should be made under the provisions of the act relating to tuberculosis hereinbefore referred to and which had not been repealed by chapter 147 of the laws of 1918.

The question for decision in this proceeding is whether chapter 147 of the laws of 1918 repealed the provisions for payment for the care of indigent tubercular patients contained in chapter 217 of the laws of 1912 and the subsequent amendments to that act.

The relator insists that there is an implied repealer of the provisions relating to payment for indigent tubercular patients contained in the 1912 act by chapter 147 of the laws of 1918. To establish this insistence the relator must show that a repeal was effected either because the act of 1918 covers the same subject-matter or because its provisions are repugnant to the statute of 1912. *Hotel Reg. Corp.* v. *Stafford,* 70 *N. J. L.* 528.

The act of 1918 was a reorganization of that department of the state government dealing with matters of a charitable, penal and correctional nature. It enacted in one law the substance of one hundred and fifty-eight statutes dealing with these subjects. These one hundred and fifty-eight laws were expressly repealed by chapter 281 of the laws of 1918. The passage of this express repealer was tantamount to the legislature saying that nothing in the way of a repealer was to be left to implication. It expressly repealed every act, the provisions of which were included in the new and revised act. The act entitled "An act concerning tuberculosis" is not expressly referred to either in chapter 147 of the laws of 1918 (the revision of the law), or in chapter 281 of the laws of 1918 (the repealing statute).

This is significant. It is evidence that no implied repealer was intended and evidence that it was the legislative purpose to leave the act concerning tuberculosis unaffected by the revision of the acts expressly repealed. It is also to be noted in this connection that the same legislature which enacted the revision referred to amended the act concerning tuberculosis, one of these amendments being made subsequent to the enactment of the revised act. This is strongly evidential of the intent of the 1918 legislature to leave unrepealed the tuberculosis act.

For these reasons we are of the opinion that the relator has failed to show either that the revision of 1918 is repugnant to the provisions of the 1912 tuberculosis act, or that the subject-matter of the 1912 act is covered by the 1918 revision. Hence there was no implied repealer of the act concerning tuberculosis by chapter 147 of the laws of 1918. The rates of payment for indigent tubercular patients are governed by chapter 217 of the laws of 1912, and the amendments thereto.

The rule to show cause is discharged.